FILED
02 JUN 11 AM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 11 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JEAN T. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 01-C-2385-W |
| GENERAL MOTORS CORPORATION, d/b/a ) | |
| DELPHI HARRISON THERMAL TUSCA- ) | |
| LOOSA, and METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendants have moved for summary judgment in this case arising out of an employee benefit plan under the Employee Retirement Income Security Act, 29 U.S.C. 1100 *et seq.*, ("ERISA"). On the undisputed facts, Defendants are entitled to judgment as a matter of law.

I.

Johnnie Johnson was a long-term employee of General Motors/Delphi. In July 1971, Johnnie Johnson designated his then-wife, Shirley Johnson, as the beneficiary of his Company-sponsored life insurance policy with Metropolitan Life Insurance Company ("MetLIfe"). Johnnie and Shirley Johnson were divorced in November 1981. The divorce decree preserved the rights of both parties as beneficiaries of any life insurance of the other. Johnnie Johnson never personally changed his designation of Shirley Johnson as the beneficiary of his life insurance policy.

The life insurance proceeds are "payable to the beneficiary of record."

In 1995, Johnnie Johnson married Plaintiff. Johnnie Johnson thereafter designated Plaintiff as the beneficiary of his various benefit plans with Defendants, except his life insurance policy.

On May 2, 2002, Johnnie Johnson was diagnosed with cancer. Twenty-eight days later, in reliance on the advice of Eddie Day, Plaintiff signed Johnnie Johnson's name on a Designation of Beneficiary form for Johnnie Johnson's life insurance, designating herself as the beneficiary. Johnnie Johnson never delivered to Plaintiff a Power of Attorney to act on his behalf. At the time Plaintiff signed Johnnie Johnson's name on the designation of beneficiary form, Johnnie Johnson was fully competent to execute the form.

Eddie Day was the Local Union's Benefits Representative. The Local Union Benefits Representative are appoint by the International Union, and they represent employees and their families in benefit matters. They sometimes act as advocates representing claimants in the administrative processing of a claim.

On June 20, 2000, one of Johnnie Johnson's treating physicians opined to MetLife that Johnnie Johnson was incompetent to endorse checks or to direct the use of his life insurance benefits.

Johnnie Johnson died on July 8, 2000.

Plaintiff thereafter filed a claim for the life insurance benefits. The claim was denied, and the life insurance benefits were paid to Shirley Johnson. This lawsuit ensued.

Plaintiff initially brought this action in state court asserting four claims under Alabama law: fraud, reckless or negligent training and supervision, breach of insurance contract, and bad faith. It was properly removed to this Court under the doctrine of ERISA's complete preemption.

II.

Plaintiff's state law claims, including the bad faith claim, are completely preempted by ERISA. *Butero v. Royal Macabees Life Ins. Co.,* 174 F.3d 1207 (11th Cir.1999); *Gilbert v. Alta Health & Life Ins. Co.,* 276 F.3d 1292 (11th Cir.2001). They must be dismissed.

To the extent that Plaintiff is entitled to recover, she is limited in this case to the benefits provided by the life insurance policy. *Amos v. Blue Cross-Blue Shield of Alabama,* 868 F.2d 430 (11th Cir.1989).

But Plaintiff is not entitled to recover the life insurance proceeds because she is not the "beneficiary of record." The decedent designated Shirley Johnson as the beneficiary of record, and he did not thereafter designate anyone else. To be sure, Plaintiff signed his name on the 2000 Designation of Beneficiary form, but he had not legally empowered her to do so. Put another way, he had not given her a Power of Attorney to act on her behalf. Plaintiff concedes that at the time she signed Johnnie Johnson's name on the form, he "was still competent to execute the form, and plaintiff could have easily obtained his signature had she known it was required." (Plaintiff's Response, p. 2).

Plaintiff relied to her detriment on the Local Union Benefits Representative's advice that she could sign her husband's name on the Designation of Beneficiary form. Plaintiff has not cited, and the Court has not found, any authority for the proposition that the representations of a Union Representative can bind the administrators of an ERISA Plan. While Plaintiff may well have a cause of action against the Union or its officials under state law, *see Morstein v. National Insurance Services, Inc.,* 93 F.3d 715 (11th Cir.1996), her ERISA claim against these Defendants must be dismissed.

By separate order, Defendants' Motion For Summary Judgment will be granted.

Done this ___11th___ day of June, 2002.

*[signature]*

Chief United States District Judge
U.W. Clemon